535 P.2d 1318

**STATE of Arizona, Appellee,**

v.

**William Carlyle BELLAND, Appellant.**

**No. 2 CA–CR 510.**

Court of Appeals of Arizona,
Division 2.

June 3, 1975.

Bruce E. Babbitt, Atty. Gen. by R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Anne-Marie Brady, Asst. Public Defender, Tucson, for appellant.

OPINION

HOWARD, Chief Judge.

On appeal, defendant claims he has been denied his rights to a speedy trial under the Sixth Amendment to the United States Constitution, Article 2, Section 24 of the Arizona Constitution, and Rule 236 of the 1956 Rules of Criminal Procedure.[1] Although more than thirteen months elapsed between defendant's indictment and his trial, we find no denial of defendant's rights.

On August 17, 1973, defendant was arrested for unlawful possession of heroin. There was a dispute as to whether defendant gave the arresting officer his full name or merely said his name was "William Carlyle." Any doubt regarding defendant's actions would appear to be erased by the fact that defendant signed his booking record as "William Carlyle." Upon being released and told that no charges would be filed against him, he returned to his residence in Phoenix. Six days after his arrest, a grand jury indictment was returned charging him with unlawful possession of heroin. It was not until January 17, 1974, that defendant was discovered living in Phoenix, was returned to Pima County, and was arraigned.

1. The new rules of criminal procedure only govern criminal actions commenced on or after twelve o'clock midnight, 1 September 1973. Rule 1.5, Rules of Criminal Procedure.

At the arraignment, and after defendant advised the court that he had an attorney in Phoenix, the Public Defender was appointed to represent defendant during the arraignment. An attorney by the name of Robert Barber appeared, was given a copy of the indictment, waived the reading thereof, entered a plea of not guilty, and waived the 60-day trial period. Mr. Barber was not associated with the Public Defender's Office. Trial was set for April 25, at which time, apparently, defendant did not appear. After three motions to continue were granted, one of which was filed by defendant, trial was finally held on October 8, 1974.

 The court below did not err in allowing the trial to be held. Under Rule 236, 1956 Arizona Rules of Criminal Procedure, the 60-day time period need not be followed if "the action has not proceeded to trial because of the defendant's consent or by his action." By failing to give his correct name to the authorities defendant delayed his apprehension, eventually until his arraignment. At the arraignment, defendant, through his court appointed attorney, waived the Rule 236 period. Defendant claims that his attorney acted without authority because he was neither retained by defendant nor was he a public defender. The claim is nothing but a "red herring." It is obvious that the trial court intended to appoint free counsel for the defendant and that Barber was the attorney appointed. He appeared on defendant's behalf; the actions he took were valid.

Defendant presented no argument in his brief concerning the alleged constitutional deprivations but our examination of the record discloses none.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.